IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALFRED THOMAS, III | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | C. A. No. ____ |
| v. | § | |
| | § | |
| POLY-AMERICA, INC. | § | |
| | § | |
| | § | (Jury Demanded) |
| Defendant. | § | |

ORIGINAL COMPLAINT
_____

TO THE HONORABLE JUDGE:

COMES NOW Plaintiff, Alfred Thomas, III, filing this, his Original Complaint, complaining of Defendant, Poly-America, Inc., and in support thereof would show as follows:

**I.
JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the American With Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA").

2. Plaintiff, Alfred Thomas, III (hereinafter "Plaintiff"), is an individual who resides in Baytown, Harris County, Texas. Plaintiff, who is African-American, is a member of a group protected by Title VII and was, at all relevant times, an employee within the meaning of the applicable statute.

3. Poly-America (hereinafter "Defendant") is an entity whose principal place of business is located in the Southern District and it regularly conducts business in Texas. Defendant was, at all relevant times, an employer within the meaning of Title VII. Defendant may be served through its registered agent, Van Shaw at 2723 Fairmount, Dallas, Texas 75201.

4. The causes of action complained of herein wholly or partly arose in the Southern District of Texas, Galveston Division.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about November 19, 2012. In said Charge, No. 460-2013-00591, Plaintiff asserts that he was discriminated against because of his race (African-American), a perceived disability that limits a major life activity, and that he was wrongfully terminated in retaliation for making complaints about disparate treatment he received, in violation of Title VII of the Civil Rights Act of 1964, as amended.

6. The EEOC issued a Right to Sue Notice authorizing this lawsuit on March 21, 2013.

7. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

8. At all times material to this cause of action and prior to his termination, Plaintiff was an employee of Defendant, at the Pol-Tex, International (hereinafter referred to as "Pol-Tex") chemical plant located at 13830 Hatcherville Rd., Mont Belvieu, Texas 77580. Pol-Tex is a division of Defendant, Poly-America.

9.      Plaintiff began working as a Material Processor at the Pol-Tex plant on December 9, 2008 and was later moved to the Shipping and Receiving Department in August of 2009 and worked there until he was terminated on September 24, 2012.

10.     Plaintiff was injured on the job on February 22, 2012, when a Supervisor, William "Skip" Butler, who was driving a golf cart, ran into the back of the forklift Plaintiff was driving. Plaintiff suffered injuries to his back, hips, and backside. Plaintiff was treated by the company (Poly-America) doctor and placed on leave. He later applied for worker's compensation and was seen by another doctor who gave him a five percent (5%) impairment rating and placed him on restricted duty. Plaintiff returned to work on light duty.

11.     Defendant, pressured Plaintiff to come back to work on regular duty by asking the company caseworker to request that the company doctor release Plaintiff from restricted duty. The company doctor sent Plaintiff back to work on regular duty on a trial basis. Plaintiff was unable to perform regular duties due to substantial pain. Plaintiff went out on leave on or about June 19, 2012 after being seen by the doctor designated by the Division of Worker's Compensation and being placed back on restrictions. He was fired by Defendant soon thereafter. Plaintiff began his employment with Defendant on or about February 28, 2006.

12.     Other employees of Defendant who were not African-American experienced on the job injuries, and were issued restrictions and required to take leave for extended periods of time, however, they were not terminated by Defendant. Plaintiff believes he was singled out and suffered disparate treatment due to his race. Defendant also showed preference to non-African American employees when it came to job assignments and pay. Notably, two Caucasian male employees who were similarly situated to Plaintiff were paid more than he was for the same job.

13. During his tenure with Defendant, Plaintiff suffered a great deal of teasing and derogatory comments about his speech impediment from supervisor, William "Skip" Butler, due to a perceived disability. Plaintiff stutters severely and has long pauses and violent involuntary body movements when speaking. Plaintiff's five percent (5%) impairment rating, resulting from the work-related injury, was also perceived to be a disability because he was unable to perform his full job responsibilities. Plaintiff believes these perceived disabilities led to his wrongful termination.

14. Plaintiff complained to his supervisors about the disparate treatment he received from his coworkers and supervisors and threatened to file a formal complaint. He became a target after doing so and was ultimately terminated.

15. The effect of Defendant's practices, complained of in paragraphs 8 through 14, above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and perceived disability.

## IV.
## CAUSES OF ACTION

**A.   RACE DISCRIMINATION**

16. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 15 and incorporate the same herein as though fully set forth.

17. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

19. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers and agents as described in paragraphs 8 through 15 above.

20. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

21. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

22. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII and the ADA.

-6-

**B.    DISABILITY DISCRIMINATION**

23.    Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 15 and incorporate the same herein as though fully set forth.

24.    Plaintiff was perceived to have a disability by Defendant.

25.    Plaintiff was qualified for his position and able to perform its essential functions.

26.    Plaintiff suffered disparate treatment and wrongful termination by Defendant due to a perceived disability.

27.    The above-described disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

28.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

29.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**C.     RETALIATION**

30.     Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 15 and incorporate the same herein as though fully set forth.

31.      Plaintiff engaged in protected activity in that he opposed an unlawful practice which is prohibited by Title VII.

32.     Plaintiff  suffered and adverse employment action-wrongfully termination.

33.     There is a causal link between Plaintiff's wrongful termination and his complaints about unlawful practices by Defendant.

34.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

35.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## V.
## DAMAGES

36.     Defendant's conduct constitutes violations of statutory law.  That unlawful conduct seriously affected Plaintiff in his occupation, trade and business.  Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future

humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

37. Because of Defendant's unlawful conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent him. Plaintiff has agreed to pay the attorneys reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should same become necessary.

38. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs, and other expenses to preserve his ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

39. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VI.
## ATTORNEY'S FEES

40. As a further direct and proximate result of Defendant's violation of Title VII and the ADA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to

amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII and the ADA.

## VII.
## JURY DEMAND

41. Plaintiff requests that this action be heard before a jury.

## VIII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

b. Compensatory damages for pain and mental suffering;

c. Reasonable attorney's fees, with conditional awards in the event of appeal;

d. Pre-judgment interest at the highest rate permitted by law;

e. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

f. Costs of court; and

g. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

DATED: June 7, 2013.

-10-

                                Respectfully submitted,

                                JOHNSON LAW FIRM

                                /s/Nikeyla Johnson
                                Nikeyla Johnson
                                Texas State Bar No.24065505
                                Southern District ID No. 981963
                                1776 Yorktown, Suite 600
                                Houston, Texas 77056
                                (713) 622-7600 direct
                                (888) 819-5612 facsimile

                                **ATTORNEY FOR PLAINTIFF,**
                                **ALFRED THOMAS, III**

OF COUNSEL
MELVIN HOUSTON
T.B.N. 00793987
Melvin Houston & Assoc., P.C.
1776 Yorktown, Suite 600
Houston, Texas 77056
(713) 212-0600 direct
(713) 212-0290 facsimile